IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ESTATE OF RUTH C. BISIGNANO, by and through its administrator, FRED HUNTSMAN, and ESTATE OF FRANK BISIGNANO, as successor in interest to RUTHIE BISIGNANO, by and through its administrator, FRED HUNTSMAN,<br><br>Plaintiff,<br><br>vs.<br><br>EXILE BREWING COMPANY, LLC,<br><br>Defendant. | CASE NO. _____<br><br>Removed from the<br>District Court of Polk County, Iowa<br>Case No. CVCV 060249<br><br>**NOTICE OF REMOVAL** |

TO: The Judges and Clerk of the United States District Court for the Southern District of Iowa, Central Division:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Exile Brewing Company, LLC ("Defendant"), hereby files this Notice of Removal of Civil Action, removing the above-captioned action from the District Court of Polk County, Iowa in which it is pending, to the United States District Court for the Southern District of Iowa, Central Division. In support of removal, Defendant states as follows:

**NOTICE OF REMOVAL IS TIMELY**

1. 28 U.S.C. § 1446(b)(3) provides if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

2. This case was initially filed in the District Court for Polk County, Iowa on June 1, 2020. Ex. 1, Petition. On October 19, 2020, Plaintiff was granted leave to and filed an Amended Petition. Ex. 2, Order on Amended Petition; Ex. 3, Amended Petition. Both the original and

Amended Petitions allege solely claims based upon state intellectual property laws between non-diverse citizens of Iowa. As such, the initial pleadings were not removable. Ex. 1, 2, and 3.

3. On April 4, 2022, the Court granted Plaintiff leave to file a Second Amended Petition. Ex. 4, Order. Said Second Amended Petition, for the first time, alleges a claim for "Federal Deceptive Marketing and False Designation of Origin" under 15 U.S.C. § 1125 (§ 43 of the Lanham Act).

4. The addition of a claim arising under federal law confers upon this Court federal question jurisdiction under 28 U.S.C. 1331. Thus, the first Order from which it could be ascertained that the case is one which is removable was entered on April 4, 2022.

5. This notice is filed within thirty days of receipt by Defendant of the initial April 4, 2022 Order setting forth a basis for removal of these claims to federal court; therefore, this removal is timely under 28 U.S.C. § 1446(c).

## COMPLIANCE WITH LOCAL RULE 81 FOR REMOVED ACTIONS

6. The proper filing fee has been paid with this filing, in compliance with LR81(a).

7. Pursuant to LR 81(a)(1), copies of all process, pleadings, and orders filed in the state case are filed herewith as Exhibit 6.

8. Pursuant to LR 81(a)(2), a list of motions pending in the state court that will require resolution by the Court with the papers relating to the motions is attached as Exhibit 7.

9. Pursuant to LR 81(a)(3), the names of counsel and law firms that have appeared in the state court are:

Matthew G. Sease, #AT0010484
Scott M. Wadding, #AT0010447
Kylie E. Crawford, #AT0013381
Sease & Wadding
104 S.W. 4 St., Suite A
Des Moines, IA 50309
(515) 883-2222
Fax (515) 883-2233
msease@seasewadding.com
swadding@seasewadding.com
kcrawford@seasewadding.com

10. This case is not being removed based upon diversity of citizenship under 28 U.S.C. § 1332 and, thus, LR 81(a)(4) does not apply.

11. The scheduling and disclosure requirements of LR 81(b) and (c) are acknowledged by Defendant and will be complied with.

12. <u>Accordingly, all requirements of LR 81 have been satisfied.</u>

## FEDERAL QUESTION JURISDICTION AND VENUE IS PROPER

13. Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removal of the above-captioned State Court Action to this Court is appropriate.

14. Federal question jurisdiction under 28 U.S.C. §§ 1331 within this Court is proper because the Second Amended Petition alleges a civil action arising under the laws of the United States, specifically 15 U.S.C. § 1125 (§ 43 of the Lanham Act).

15. Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate as the district and division embracing the place where the State Court Action is pending.

16. Defendant will promptly serve Plaintiffs with this Notice of Removal, informing Plaintiffs that this matter has been removed to federal court.

17. Pursuant to 28 U.S.C. § 1446(d), Defendant will also promptly file a copy of this Notice of Removal with the District Court of Polk County, Iowa to "effect the removal" and notify the State court that it "shall proceed no further unless and until the case is remanded."

EXILE BREWING COMPANY, LLC, Defendant,

By: /s/ Kristina J. Kamler
ENGLES, KETCHAM, OLSON, & KEITH, P.C.
1350 Woodmen Tower
Omaha, Nebraska 68102
(402) 348-0900  Fax (402) 348-0904
Robert S. Keith, #AT0012066
rkeith@ekoklaw.com
Alexis M. Wright, #AT0013891
awright@ekoklaw.com
Kristina J. Kamler, #AT0009772
kkamler@ekoklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2022, I electronically filed the foregoing with the Iowa Court System using the electronic filing system and will e-mail to the following:

Matthew G. Sease, #AT0010484
Scott M. Wadding, #AT0010447
Sease & Wadding
104 S.W. 4 St., Suite A
Des Moines, IA 50309
(515) 883-2222  Fax (515) 883-2233
msease@seasewadding.com
swadding@seasewadding.com

/s/ Kristina J. Kamler